NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 10-4229

———

JOHN BLANK,
            Appellant

v.

THE PENNSYLVANIA SOCIETY FOR THE
PREVENTION OF CRUELTY TO ANIMALS;
HOWARD NELSON, in his official and
individual capacity; GEORGE BENGAL, in
his official and individual capacity; ASHLEY
MUTCH, in her official and individual capacity;
JUAN MARTINEZ, in his official and individual
capacity; MAIN LINE ANIMAL RESCUE, INC;
WILLIAM SMITH

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 10-cv-03222)
District Judge: Honorable Harvey Bartle III

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 24, 2011

Before: BARRY, AMBRO, and VAN ANTWERPEN, *Circuit Judges*.

(Filed: June 28, 2011)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

## I.

John Blank appeals from the District Court's order granting the Defendants' motion to dismiss his federal claims under 42 U.S.C. § 1983 and accompanying state law claims. Blank argues that the District Court erred in concluding that: (1) his federal claims against the Pennsylvania Society for the Prevention of Cruelty to Animals and several of its employees were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and (2) Main Line Animal Rescue ("MLAR") and its CEO and president William Smith were not acting under the color of state law. We will affirm.

## II.[1]

We write only for the parties and assume their familiarity with the factual and procedural history of this case, which is set forth in the District Court's opinion. *See Blank v. Pa. Soc'y for the Prev. of Cruelty to Anim., et al.*, No. 2:10-cv-03222, 2010 WL 3927590, at *1 (E.D. Pa. Oct. 5, 2010). We have little to add to the District Court's reasoning, as explained in Judge Bartle's opinion, for granting the motion to dismiss as to the same issues raised on appeal. Thus we will limit our discussion to one aspect of the District Court's opinion and otherwise affirm for substantially the same reasons expressed therein.

---

[1] The District Court had jurisdiction over Blank's § 1983 action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3)-(4), and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* a district court's decision to dismiss a complaint for failure to state a claim upon which relief may be granted. *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).

Although we agree with the District Court that Blank's federal claims constitute an impermissible collateral attack on his convictions, *see Heck*, 512 U.S. at 487, we part ways with the District Court on one particular point. The District Court concluded that the "Commonwealth's entire case hinged on the evidence of animal cruelty obtained through the July 17, 2008 raid." *Blank*, 2010 WL 3927590, at *3. Because several Defendants visited Blank's kennel prior to the July 17, 2008 raid and witnessed poor living conditions and animal injuries, we cannot say with confidence that his convictions were based exclusively on evidence obtained from the purportedly illegal search and seizure that took place on July 17, 2008.

Nonetheless, we think Blank's federal claims are barred by *Heck* because they are premised on the theory that this additional evidence was "concoct[ed]," "distorted," and "misrepresented" as part of a broad conspiracy to conduct an illegal search and seizure and deprive Blank of his constitutional rights. (App. at 28-30.) Elsewhere in his complaint, Blank contends that the conduct of several Defendants resulted in "the continued filing and prosecution of charges and cases that should never have been filed and prosecuted." (*Id.* at 42.) In sum, Blank's federal claims are contingent on the proposition that genuine evidence of the crimes to which he pled guilty did not exist and that no investigation or charges would have been brought against him but for a deliberate conspiracy carried out by the Defendants. Accordingly, Blank's claims are irreconcilable with his guilty plea, and if successful, they would necessarily imply the invalidity of his convictions. *See Heck*, 512 U.S. at 487. Thus, while we differ with the District Court

regarding the significance of the July 17, 2008 raid, we agree with the District Court's ultimate conclusion that Blank's federal claims are barred by *Heck*.

## III.

For the foregoing reasons, we will affirm the order of the District Court granting the Defendants' motion to dismiss.